UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARRY J. BADEAUX                                          CIVIL ACTION

VERSUS                                                           NO. 20-2348

LOUISIANA-I GAMING, ET AL.                     SECTION "R" (3)


**ORDER AND REASONS**


Before the Court is plaintiff Barry Badeaux's motion for reconsideration under Federal Rule of Civil Procedure 59(e), of the Court's Order granting summary judgment in favor of the defendant.[1]  Defendant Louisiana-I Gaming opposes the motion.[2]  For the following reasons, the Court denies the motion.


**I.     BACKGROUND**

This case arises from a fall in the parking lot of Boomtown Casino New Orleans.[3]  Plaintiff Barry Badeaux alleges that, around 3:00 a.m. on November 30, 2019, while exiting his vehicle and walking toward the casino,

---

[1]      R. Doc. 59.
[2]      R. Doc. 69.
[3]      R. Doc. 1-2 at 1-2.

he tripped on a sprinkler head, and fell to the ground, sustaining injuries.[4] Plaintiff alleges that the location and design of the exposed sprinkler head created an unreasonably dangerous condition.[5]

Plaintiff sued Louisiana-I Gaming,[6] and its insurer, Pinnacle National Insurance Company, for damages stemming from his injuries in the casino parking lot.[7] On August 27, 2021, defendant Louisiana-I Gaming moved for summary judgment.[8] Plaintiff opposed the motion.[9] The Court granted Louisiana-I Gaming's motion, finding that the sprinkler head that allegedly caused plaintiff's accident was an "open and obvious" condition, and therefore defendant had no duty to protect plaintiff from the sprinkler head.[10] Plaintiff now moves for reconsideration of the Court's Order.[11] The Court considers the motion below.

---

4       *Id.*
5       *Id.* at 2-3.
6       In plaintiff's petition for damages, he represents that Louisiana-I Gaming "owns and/or operates the Boomtown Belle Casino Westbank." *Id.* at 1.
7       R. Doc. 1 ¶ 1.
8       R. Doc. 32.
9       *Id.*
10      R. Doc. 57.
11      R. Doc. 59.

## II.   LEGAL STANDARD

Rule 59(e) permits a party to file "a motion to alter or amend a judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice;" and (4) accommodating "an intervening

change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998).

## III.   DISCUSSION

Here, plaintiff asserts that reconsideration is necessary (1) because of newly discovered evidence, and (2) to correct a manifest error of law.[12]   The Court addresses each in turn.

### A.   New Evidence

Plaintiff argues that the deposition testimony of Kevin Murray, defendant's facility manager, is "new evidence" that provides a basis for this Court to reconsider its judgment.[13]   Plaintiff represents that on November 10, 2021, "several weeks after the *submission date* for Defendant's motion for summary judgment, Defendant finally produced for deposition [its] facilities manager, Kevin Murray."[14]   During his deposition, Murray stated that defendant uses "red mulch" in the landscaping area where the sprinkler head is located.[15]   Plaintiff contends that, because the photographs taken on

---

[12]     R. Doc. 59-1 at 6-8.
[13]     *Id.* at 7-8.
[14]     *Id.* (emphasis added).
[15]     R. Doc. 59-2 at 4 (Murray Deposition at 16:1-6).

the night of the accident do not show that defendant used red mulch in the landscaping area, this supports a finding that the sprinkler head was not "clearly visible" on the night of the accident.[16]

A motion to reconsider based on an alleged discovery of new evidence should be granted only if: "(1) the facts discovered are of such nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)). Here, plaintiff cannot show that Murray's deposition is "actually newly discovered," or that it would change the outcome of the case.

First, Murray's deposition testimony is not "new evidence." The Court issued its Order on November 18, 2021.[17] Although plaintiff asserts that Murray's deposition was taken after defendant's motion was submitted to the Court, it is undisputed that plaintiff received this "new evidence" on November 10, 2021, over a week before this Court issued its Order.[18] Plaintiff fails to explain how Murray's deposition testimony, which was available at

---

[16]     R. Doc. 59-1 at 8.
[17]     R. Doc. 57.
[18]     R. Doc. 59-1 at 7.

the time when defendant's motion for summary judgment was under consideration, amounts to "newly discovered" or "previously unavailable evidence." *See Mercato Elisio, LLC v. Deveney*, No. 15-563, 2017 WL 615346, at *1 (E.D. La. Feb. 15, 2017) (stating that evidence obtained after defendants' summary-judgment motion was submitted but before the Court entered its judgment is not considered "new evidence" for purposes of Rule 59(e)).  Plaintiff's failure to explain "why the evidence was not available prior to the [Court's] grant of summary judgment constitutes a valid basis for denying [a] Motion for Reconsideration." *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 (5th Cir. 1999); *see also Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (holding that "the unexcused failure to present evidence [that] is available at the time summary judgment is under consideration constitutes a valid basis for denying a motion to reconsider").

Second, even if Murray's testimony was considered "new evidence," it does not disturb this Court's reasons for granting summary judgment.  After careful review of the photographs and video footage from the night of the accident, the Court held that the sprinkler head, which was "raised seven inches above the ground," "next to a curb painted bright yellow," in an area

6

Document id

"well lit by streetlights," was "clearly visible."[19]  Murray's testimony about the

use of red mulch does nothing to alter this Court's judgment that, on the

night of the accident, the sprinkler head was sufficiently "open and obvious,"

even though it was surrounded by black mulch.  In sum, Murray's testimony

does not provide a basis for reconsideration, as it is not "new evidence," and

does not undermine the reasons for the dismissal of plaintiff's claims.


### B.    Manifest Legal Error

Plaintiff next contends that the Court did not "necessarily rely upon"

the relevant Louisiana Supreme Court cases on the doctrine of "open and

obvious."[20]  First, plaintiff asserts that the Court failed to take into account

six factors that existed at the time of Badeaux's accident, which should have

been considered under *Walker v. Union Oil Mill, Inc.*, 369 So. 2d 1043 (La.

1979).[21]  *See id.* at 1047 ("[I]n considering a defendant's duty to a particular

person, consideration should be given to the person's age, maturity,

experience, familiarity with the premises and its dangers, and other factors

which might increased or decrease the risk of harm to that person.").   But

the Court's Order explicitly addressed and considered four of the six factors

---

[19]      R. Doc. 57 at 11.
[20]      R. Doc. 59-1 at 2.
[21]      *Id.* at 2-4.

that plaintiff asserts should have been considered. Specifically, the Court

noted that Badeaux was walking to and from his vehicle at 3:00 a.m.,[22] and

examined the photographs taken of the accident scene, paying particular

attention to the lighting,[23] the location of the sprinkler head,[24] and the mulch

surrounding the sprinkler head.[25]

The two factors that plaintiff contends that the Court did not

consider—that the drink machine on defendant's premises was broken, and

that Badeaux was carrying drinks when he walked to his vehicle—are

irrelevant to the Court's open-and-obvious analysis. There is no reason to

believe that that Badeaux's decision to go to his car to get additional drinks

because defendant's vending machine was broken are considerations which

"might increase or decrease the risk of harm" to plaintiff, or constitute any

other relevant factor under *Walker*. Moreover, plaintiff never argued in his

opposition that these factors were relevant to the Court's analysis. Plaintiff

cannot use a Rule 59(e) motion to raise these arguments for the first time,

given that plaintiff's testimony about the reason he returned to his car, and

what he was carrying at the time, was information available to plaintiff before

---

[22]     R. Doc. 57 at 1, 11-12.
[23]     *Id.* at 11-12.
[24]     *Id.* at 11-13.
[25]     *Id.* at 12-14.

the Court entered its judgment.  *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("Courts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Second, plaintiff asserts that the Court failed to consider the risk-utility balancing test set forth in *Bufkin v. Felipse's Louisiana, LLC*,  171 So. 3d 851 (2014), in determining whether the sprinkler head was unreasonably dangerous.[26]  As an initial matter, plaintiff's assertion does not square with this Court's Order, which states that an "open and obvious" condition is unlikely to be considered "unreasonably dangerous" under the risk-utility balancing test.[27]  More critically, the Court did not conduct an in-depth risk-utility analysis because it is established under Louisiana law that, if a defect is "open and obvious," then the defendant "generally does not have a duty to protect against it."  *See Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 184-85 (La. 2013) ("[W]hen the risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition.").  The Louisiana Supreme Court has clarified that where an alleged defect is open and obvious, "the application of the risk-utility balancing test is not necessary at the summary

---

[26]     R. Doc. 59-1 at 7.
[27]     R. Doc. 57 at 7.

judgment stage." *Butler v. Int'l Paper Co.*, 636 F. App'x 216, 219 (5th Cir. 2016) (affirming the district court's grant of summary judgment "solely on the basis that the alleged defect" was "open and obvious" and without the application of the risk-utility balancing test) (citing *Allen v. Lockwood*, 156 So. 3d 650, 651 (La. 2015)).

Despite plaintiff's assertion to the contrary, the Court applied the appropriate Louisiana law after looking to decisions of the Louisiana Supreme Court, in determining that the sprinkler head was "open and obvious." Accordingly, the Court finds that plaintiff has not demonstrated a manifest error of law or fact, and instead merely rehashes the arguments the Court already considered and rejected in granting defendant's motion for summary judgment. Plaintiff's motion for reconsideration is denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff Barry Badeaux's

motion for reconsideration.

New Orleans, Louisiana, this __14th__ day of February, 2022.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE